UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| PROPANE RESOURCES SUPPLY & MARKETING, L.L.C. | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) ) |
| CENTRAL L.P. GAS, INC.<br>    Registered Agent:<br>    HARRY GERBIGE<br>    416 WEST WILLOW<br>    SCOTTSBORO, AL 35768-4351<br><br>    and<br><br>HARRY GERBIGE, individually.<br>    8977 County Road 17<br>    WOODVILLE, AL 35776<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 11-cv-2451 JWL/DJW

## PROPANE RESOURCES SUPPLY & MARKETING, L.L.C.'S COMPLAINT

COMES NOW, Propane Resources Supply & Marketing, L.L.C. (PRSM) for its Complaint against Central L.P. Gas, Inc. (Central) and Harry Gerbige, individually, (Gerbige) and states and alleges as follows:

## THE PARTIES

1. PRSM is a Kansas limited liability company with its principal place of business in Mission, Kansas.

2. Central is an Alabama corporation with its principal place of business in Scottsboro, Alabama.

3. Central may be served through its registered agent Harry Gerbige, 416 West Willow, Scottsboro, Al 35768-4351.

4. Gerbige is a resident of Woodville, Alabama.

5. Gerbige may be served personally where he can be found or at his residence of 8977 County Road 17, Woodville, Al 35776.

## JURISDICTION AND VENUE

6. Central sought out and entered into contracts with PRSM in Mission, Kansas.

7. Central breached contracts entered into with PRSM in Mission, Kansas.

8. Central consented to jurisdiction and venue in the United States District Court for the District of Kansas in its written contracts with PRSM.

9. Gerbige sought out and entered into a guarantee with PRSM in Mission, Kansas.

10. Gerbige breached the guarantee entered into with PRSM in Mission, Kansas.

11. Gerbige consented to jurisdiction and venue in the United States District Court for the District of Kansas in his written guarantee with PRSM.

12. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, because this dispute is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to this dispute occurred in this District.

## GENERAL ALLEGATIONS

14. Beginning in 2001, PRSM began selling propane to Central.

15. PRSM sold propane pursuant to the "General Terms and Conditions." Exhibit A; Exhibit B.

16. Central received a copy of the "General Terms and Conditions" on or about July 30, 2009. Exhibit A.

17. Central did not object to the "General Terms and Conditions" received on or about July 30, 2009.

18. Central received an updated copy of the "General Terms and Conditions" on or about August 9, 2010. Exhibit B.

19. Central did not object to the "General Terms and Conditions" received on or about August 9, 2010.

20. Each sale of propane by PRSM to Central was sold pursuant to the "General Terms and Conditions."

21. On or about September 10, 2009, Central executed and delivered a Demand Promissory Note, a true and correct copy of which is attached as Exhibit C.

22. Central agreed to pay PRSM the sum of "$U.S. 1,005,848.72, together with accrued interest thereon computed at the annual rate of 18%."

23. On or about September 14, 2009, Gerbige executed and delivered a Guarantee, a true and correct copy of which is attached as Exhibit D.

24. Gerbige agreed to pay "all loans, drafts, overdrafts, checks, promissory notes, and all other debts, liabilities, and obligations of every kind owing by the Borrower [Central] to Propane Resources Supply and marketing, L.L.C."

### COUNT I: BREACH OF CONTRACTS AGAINST CENTRAL

25. PRSM incorporates the preceding paragraphs as if set forth herein.

26. PRSM is a company that holds itself out as having knowledge or skill peculiar to the purchase and sale of propane.

27. PRSM is a merchant of propane.

28. Central is a company that holds itself out as having knowledge or skill peculiar to the purchase and sale of propane.

29. Central employs agents or brokers or other intermediaries who hold themselves out as having knowledge or skill peculiar to the purchase and sale of propane.

30. Central is a merchant of propane.

31. Any transaction between PRSM and Central involving the purchase and sale of propane was a transaction between merchants.

32. Between approximately October 10, 2008 and January 12, 2010, PRSM sold Central propane approximately 174 times. Exhibit E.

33. For each of the approximately 174 transactions, PRSM sent Central a written confirmation and invoice of the contract for sale of propane. Exhibit E.

34. Central received each of the approximately 174 written confirmations and invoices. Exhibit E.

35. Central knew or had reason to know of the contents of each of the written confirmations and invoices of the contract for the sale of propane. Exhibit E.

36. Central never provided written objection to PRSM to any of the 174 written confirmations and invoices. Exhibit E.

37. PRSM fully performed and satisfied all preconditions for payment under each of the 174 written confirmations and invoices. Exhibit E.

38. Central paid each of the 174 written confirmations and invoices. Exhibit E.

39. Between approximately January 11, 2010 and December 15, 2010, PRSM sold Central propane approximately 101 times. Exhibit F.

40. For each of the approximately 101 transactions, PRSM sent Central a written confirmation and invoice of the contract for sale of propane. Exhibit F.

41. Central received each of the approximately 101 written confirmations and invoices. Exhibit F.

42. Central knew or had reason to know of the contents of each of the written confirmations and invoices of the contract for the sale of propane. Exhibit F.

43. Central never provided written objection to PRSM to any of the 101 written confirmations and invoices. Exhibit F.

44. PRSM fully performed and satisfied all preconditions for payment under each of the 101 written confirmations and invoices. Exhibit F.

45. Central failed to pay each of the 101 written confirmations and invoices. Exhibit F.

46. Each month, PRSM sent Central a Statement showing the balance due on each of the written confirmations and invoices.

47. Central never provided written objection to PRSM to the Statements.

48. The July 31, 2011 Statement is attached as Exhibit G.

49. Central never provided written objection to PRSM to the July 31, 2011 Statement.

50. Central confirmed in writing that it owed PRSM $1,847,054.77 in writing on or about August or September of 2010. Exhibit H.

51. Central confirmed in writing that it owed PRSM $1,615,582.33 on March 31, 2009. Exhibit I.

52. Central confirmed in writing that it owed PRSM $2,037,921.30 on March 31, 2010. Exhibit J.

53. Central owes PRSM $1,969,516.57 as of July 31, 2011, with interest accruing at 18 percent. Exhibits F, G.

WHEREFORE, PRSM prays for judgment in its favor on Count I in the amount of $1,958,786.65 plus interest at 18 percent pursuant to the terms of the written confirmations and statements, costs, and fees, and for such other relief as this court may deem just and proper.

### COUNT II: BREACH OF CONTRACT AGAINST CENTRAL

54. PRSM incorporates the preceding paragraphs as if set forth herein.

55. On or about September 10, 2009, Central executed and delivered a Demand Promissory Note to PRSM, a true and correct copy of which is attached as Exhibit C.

56. On or about May 27, 2011, PRSM made demand under the Demand Promissory Note. Exhibit K.

57. The amount due under the Demand Promissory Note is "the principal sum of $U.S. 1,005,848.72, together with accrued interest thereon computed at the annual rate of 18%." Exhibit C.

58. Through August 10, 2011, the total amount due under the Demand Promissory Note is the principal sum of $1,005,848.72, together with accrued interest of $414,570.52, computed at 18%. Exhibit C.

59. Central has paid no amounts due under the Demand Promissory Note.

60. PRSM fully performed and satisfied all preconditions for payment under the Demand Promissory Note.

61. Central confirmed in writing that it owed PRSM $1,847,054.77 in writing on or about August or September of 2010. Exhibit H.

62. Central confirmed in writing that it owed PRSM $2,037,921.30 on March 31, 2010. Exhibit J.

WHEREFORE, PRSM prays for judgment in its favor on Count II in the principal amount of $1,005,848.72 plus interest at 18 percent pursuant to the terms of the Demand Promissory Note (equal to $1,420,419.24 through August 10, 2011), costs, and fees, all costs of reasonable collection, and attorneys' fees as provided for under the Note, and for such other relief as this court may deem just and proper.

### COUNT III: BREACH OF CONTRACT AGAINST GERBIGE

63. PRSM incorporates the preceding paragraphs as if set forth herein.

64. On or about September 14, 2009, Gerbige executed and delivered a Guarantee, a true and correct copy of which is attached as Exhibit D.

65. Gerbige agreed to pay "all loans, drafts, overdrafts, checks, promissory notes, and all other debts, liabilities, and obligations of every kind owing by the Borrower [Central] to Propane Resources Supply and marketing, L.L.C."

66. On or about May 27, 2011, PRSM made demand under the Guarantee. Exhibit K.

67. PRSM fully performed and satisfied all preconditions for payment under the Guarantee.

68. Gerbige has paid no amounts due under the Guarantee.

69. Central owes PRSM $1,969,516.57 as of July 31, 2011, with interest accruing at 18 percent under the written confirmations and invoices. Exhibits F, G.

70. Central owes PRSM $1,420,419.24, with interest continuing to accrue 18 percent under the Demand Promissory Note. Exhibit C.

71. Central confirmed in writing that it owed PRSM $1,847,054.77 in writing on or about August or September of 2010. Exhibit H.

72. Central confirmed in writing that it owed PRSM $1,615,582.33 on March 31, 2009. Exhibit I.

73. Central confirmed in writing that it owed PRSM $2,037,921.30 on March 31, 2010. Exhibit J.

74. Gerbige owes PRSM $1,969,516.57 as of July 31, 2011, with interest accruing at 18 percent, with interest continuing to accrue at 18 percent.

WHEREFORE, PRSM prays for judgment in its favor under Count III in the amount of $1,969,516.57 as of July 31, 2011, plus interest at 18 percent pursuant to the terms of the contract, costs, and fees, all costs of reasonable collection, and attorneys' fees as provided for under the Note and Guarantee, and for such other relief as this court may deem just and proper.

### COUNT IV: EQUITABLE RELIEF: UNJUST ENRICHMENT / QUANTUM MERUIT AGAINST CENTRAL

75. PRSM incorporates the preceding paragraphs as if set forth herein.

76. PRSM conferred a benefit upon Central by:

    a. extending credit to Central, and

    b. delivering propane to Central.

77. Central appreciated the benefit.

78. Central had knowledge of the benefit.

79. Central retained the benefit without payment for its value.

80. The fair value of the propane PRSM delivered to Central is $1,363,387.71.

81. The fair value of the credit PRSM extended to Central is $595,368.37.

82. The fair value of the credit PRSM extended continues to increase as long as the fair value of the propane delivered remains unpaid.

83. The fair interest rate for the value of the credit PRSM extended is 18 percent.

84. Central would be unjustly enriched were it allowed to retain the benefits received without payment.

WHEREFORE, PRSM prays for judgment in its favor under Count IV in the amount of $1,969,516.57 plus interest at the fair rate of 18 percent, prejudgment and postjudgement interest, costs, and fees, all costs of reasonable collection, and attorneys' fees, and for such other relief as this court may deem just and proper.

### COUNT V: ACTION ON ACCOUNT
### AGAINST CENTRAL

85. PRSM incorporates the preceding paragraphs as if set forth herein.

86. Central had an account with PRSM for the sale of propane:

   a. Between approximately October 10, 2008 and January 12, 2010, PRSM sold Central propane approximately 174 times. Exhibit E.

   b. For each of the approximately 174 transactions, PRSM sent Central a written confirmation and invoice of the contract for sale of propane. Exhibit E.

   c. Central received each of the approximately 174 written confirmations and invoices. Exhibit E.

   d. Central knew or had reason to know of the contents of each of the written confirmations and invoices of the contract for the sale of propane. Exhibit E.

   e. Central never provided written objection to PRSM to any of the 174 written confirmations and invoices. Exhibit E.

    f. PRSM fully performed and satisfied all preconditions for payment under each of the 174 written confirmations and invoices. Exhibit E.

    g. Central paid each of the 174 written confirmations and invoices. Exhibit E.

    h. Between approximately January 11, 2010 and December 15, 2010, PRSM sold Central propane approximately 101 times.  Exhibit F.

    i. For each of the approximately 101 transactions, PRSM sent Central a written confirmation and invoice of the contract for sale of propane. Exhibit F.

    j. Central received each of the approximately 101 written confirmations and invoices. Exhibit F.

    k. Central knew or had reason to know of the contents of each of the written confirmations and invoices of the contract for the sale of propane. Exhibit F.

    l. Central never provided written objection to PRSM to any of the 101 written confirmations and invoices. Exhibit F.

    m. PRSM fully performed and satisfied all preconditions for payment under each of the 101 written confirmations and invoices. Exhibit F.

    n. PRSM demanded payment under each of the written confirmations and invoices.

87. Central failed to pay each of the 101 written confirmations and invoices. Exhibit F.

88. Each month, PRSM sent Central a Statement showing the balance of the 101 written confirmations and invoices.

89. Central never provided written objection to PRSM to the Statements.

90. The July 31, 2011 Statement is attached as Exhibit G.

91. Central never provided written objection to PRSM to the July 31, 2011 Statement.

92. Central confirmed in writing that it owed PRSM $1,847,054.77 in writing on or about August or September of 2010.  Exhibit H.

93. Central confirmed in writing that it owed PRSM $2,037,921.30 on March 31, 2010. Exhibit J.

94. Central owes PRSM $1,969,516.57 as of July 31, 2011, with interest accruing at 18 percent. Exhibits F, G.

WHEREFORE, PRSM prays for judgment in its favor on Count V in the amount of $1,958,786.65 plus interest at 18 percent pursuant to the terms of the account, prejudgment interest, postjudgment interest, costs, and fees, and for such other relief as this court may deem just and proper.

### COUNT VI: PROMISSORY ESTOPPEL AGAINST GERBIGE

95. PRSM incorporates the preceding paragraphs as if set forth herein.

96. On or about September 14, 2009, Gerbige and PRSM memorialized Gerbige's promises in a written document, a true and correct copy of which is attached as Exhibit D.

97. Gerbige promised to pay "all loans, drafts, overdrafts, checks, promissory notes, and all other debts, liabilities, and obligations of every kind owing by the Borrower [Central] to Propane Resources Supply and marketing, L.L.C."

98. PRSM acted in reliance upon Gerbige's promise by:

    a. extending credit to Central, and

    b. delivering propane to Central.

99. On or about May 27, 2011, PRSM made demand for payment pursuant to Gerbige's promise to pay. Exhibit K.

100. Gerbige has failed to perform his promise in that he has paid no amounts due to PRSM.

101. Central owes PRSM $1,969,516.57 as of July 31, 2011, with interest accruing at 18 percent under the written confirmations and invoices. Exhibits F, G.

102. Central owes PRSM $1,420,419.24, with interest continuing to accrue 18 percent under the Demand Promissory Note. Exhibit C.

103. Gerbige owes PRSM $1,969,516.57 as of July 31, 2011, with interest continuing to accrue at 18 percent.

104. PRSM was damaged as a direct and proximate result of Gerbige's failure to perform his promise.

105. Failure to enforce Gerbige's promise would result in injustice and clear and definite harm to PRSM.

WHEREFORE, PRSM prays for judgment in its favor on Count VI in the amount of $1,969,516.57 plus interest at 18 percent pursuant to the terms of the promise and contract, prejudgment and postjudgment interest, costs, and fees, all costs of reasonable collection, and attorneys' fees as provided for under the promise and note and guarantee, and for such other relief as this court may deem just and proper.

WHEREFORE, PRSM prays for judgment in its favor on all Counts against Gerbige and Central in the amount of $1,969,516.57 plus interest at 18 percent pursuant to the terms of the promises made and contracts signed, prejudgment and postjudgment interests, costs, and fees, all costs of reasonable collection, and attorneys' fees as provided for under the promises, contracts, notes, and guarantees, and for such other relief as this court may deem just and proper.

## DESIGNATION OF PLACE OF TRIAL

The place of trial will be Kansas City, Kansas.

                          Respectfully submitted,

                          BAKER STERCHI COWDEN & RICE, LLC

                          /s/ Bryan E. Mouber
                          Bryan E. Mouber               KS #19710
                          9393 W. 110th Street, Suite 500
                          Overland Park, KS 66210
                          Phone: (913) 451.6752
                          Fax: (816) 472.0288
                          Mouber@bscr-law.com

                          ATTORNEY FOR
                          PROPANE RESOURCES SUPPLY AND
                          MARKETING, L.L.C.